UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

VERONICA HANEY,                        )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        No. 3:20-CV-268-TRM-DCP
                                       )
BRIAN TILLER,                          )
                                       )
        Defendant.                     )

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Appoint Counsel [Doc. 14], filed on October 28, 2020.  For grounds, Plaintiff states that her case was recently removed from the Campbell County General Sessions Court, where she attempted to file in small claims court because she did not "have the means to pay for lawyers in higher courts."  [*Id.*].  Plaintiff claims that she has attempted to obtain legal representation, includes names of several attorneys that she has contacted, and states that she is disabled.

The appointment of counsel in civil cases is not a constitutional right, but the Court may use its discretion to appoint counsel in civil cases under certain circumstances.  *Brubaker v. Barrett*, 801 F. Supp. 2d 743, 763 (E.D. Tenn. 2011).  Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."  29 U.S.C. § 1915(e)(1)).  For a requesting party to be appointed counsel in a civil case, the requesting party must first show that he/she has no financial means to afford an attorney.  *Brubaker,* 801 F. Supp. 2d at 763.  Second, the appointment of counsel in civil cases is not a constitutional right, but instead

"a privilege that is justified only by exceptional circumstances." *Id. (*quoting *Lavado v. Keohane,* 992 F.2d 601, 606 (6th Cir. 1993)).

In considering if exceptional circumstances exist, courts have "examined the type of case and the abilities of the plaintiff to represent himself," which "generally involves a determination of the complexity of the factual and legal issue involved." *Id.* (quoting *Lavado*, 992 at 606). It is Plaintiff's burden to show that exceptional circumstances exist. *Id.*

At this time, the Court finds that Plaintiff has not established the sort of exceptional circumstances that would warrant the appointment of counsel on her behalf. First, the Court notes that Plaintiff paid the filing fee in Campbell County General Sessions Court. Additionally, Plaintiff does not detail how she will be unable to proceed in this lawsuit, and merely states her unfamiliarity with the removal process to federal court. Moreover, the parties' Rule 26(f) planning report [Doc. 12] does not detail that the discovery planning conference was unproductive or that Plaintiff will be unable to proceed in bringing her claims. The Court does not find that the Complaint involves complicated legal issues. Therefore, Plaintiff has not established the exceptional circumstances required for the appointment of counsel in a civil case. The Court directs Plaintiff to the Local Rules for this District, as well as the Federal Rules of Civil Procedure. Accordingly, the Court finds the Motion to Appoint Counsel [**Doc. 14**] not well-taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

2